Garni, J. (dissenting).
I respectfully disagree with the conclusion of my colleagues that the parole officers were not engaged in an emergency operation within the meaning of Vehicle and Traffic Law § 1104 at the time of the collision. Therefore, I dissent and would affirm the order that, inter alia, granted defendant’s cross motion for summary judgment dismissing the claim (Rusho v State of New York, 24 Misc 3d 752 [2009]).
The record establishes that the parole officers were engaged in an attempt to locate a specified parole absconder (absconder) who had violated the conditions of his parole, resulting in the *785 issuance of a warrant for his arrest. If the absconder was located, the parole officers intended to call for police assistance in effectuating his arrest. Immediately prior to the collision with claimants’ vehicle, the parole officers were proceeding to a hotel that had been identified as the absconder’s possible location. The parole officers had also received information provided by an anonymous informant concerning the color, make and model of the vehicle allegedly being used by the absconder. While en route to the hotel and in the vicinity thereof, the parole officer operating what was an unmarked “police vehicle” within the meaning of Vehicle and Traffic Law § 132-a observed a vehicle traveling in the opposite direction that matched the description of the absconder’s vehicle and that the parole officer thought— but not to a certainty—was being operated by the absconder. In an attempt to pursue that vehicle, the parole officer, without signaling, quickly attempted to reverse his direction of travel by turning left across two oncoming lanes of travel into a commercial parking lot. In the process, the police vehicle and claimants’ vehicle collided.
The majority concludes that the police vehicle was not engaged in an emergency operation at the time of the collision because the parole officer operating the vehicle was “attempting to turn the vehicle around to determine” whether he had seen a parole absconder and was therefore “not in pursuit of an actual or suspected absconder.” The majority’s analysis would require that the parole officer definitively identify the absconder in order to qualify as being engaged in an emergency operation “pursuit.” I disagree and do not believe that the Legislature intended such a narrow meaning of the word “pursuing” in promulgating Vehicle and Traffic Law § 114-b.
Vehicle and Traffic Law § 114-b includes “pursuing an actual or suspected violator of the law” in defining the term “emergency operation.” Under the facts known to the parole officers, the absconder in question was no doubt a suspected violator of the law. Indeed, a warrant had been issued for his arrest. The fact that the parole officer operating the unmarked police vehicle may have been less than certain that he had observed the absconder driving the vehicle that matched the description provided by the anonymous informant is, in my view, not determinative of whether he was engaged in an “emergency operation.”
The practical effect of the majority’s analysis is to require certainty in the identification of the absconder or “violator of the law” in order to be engaged in an emergency operation within the meaning of Vehicle and Traffic Law § 114-b and, *786 thus, Vehicle and Traffic Law § 1104. For example, under the majority’s analysis, a police officer who receives a radio dispatch describing a vehicle used in an armed bank robbery in his or her vicinity will no longer be engaged in an “emergency operation” when he or she observes a vehicle in the opposite lane of travel on the New York State Thruway and exceeds the speed limit in an attempt to catch up to the vehicle that he or she thinks may fit the description in the radio dispatch. If the police officer is involved in an accident en route and testifies that he or she needed a closer look of the vehicle being pursued—which was never obtained because of the accident—in order to determine whether the vehicle fit the description in the radio dispatch and contained the bank robbers, the majority’s ruling would deny the officer the protection of Vehicle and Traffic Law § 1104 because the officer was only “attempting to determine” if he or she had seen the bank robbery getaway vehicle. I do not think that this is a correct analysis, nor can I conclude that it is the Legislature’s intended application of the statute.
Finally, I also agree with the conclusion of the Court of Claims that the “momentary judgment lapse” of the parole officer operating the unmarked police vehicle does not constitute “reckless disregard for the safety of others” (Vehicle and Traffic Law § 1104 [e]). Present—Scudder, P.J., Peradotto, Garni, Lindley and Sconiers, JJ. [Prior Case History: 24 Misc 3d 752.]